UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNELL BLEDSOE,<br><br>        Plaintiff,<br><br>    v.<br><br>MARK ZUCKERBERG, *et al.*,<br><br>        Defendants. | Case No.  2:23-cv-01071-DAD-JDP (PS)<br><br>**ORDER**<br><br>GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>ECF No. 2<br><br>**FINDING AND RECOMMENDATIONS**<br><br>THAT PLAINTIFF'S COMPLAINT BE DISMISSED WITHOUT LEAVE TO AMEND<br><br>ECF No. 1<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Plaintiff Donnell Bledsoe brings this civil rights complaint against Mark Zuckerberg and Facebook.[1] The allegations do not give rise to a federal claim. I will therefore recommend

---

[1] Plaintiff filed his complaint on June 6, 2023, and two days later he filed a first amended complaint. ECF Nos. 1 & 3. The amended complaint, however, only seeks to make two corrections: his requested relief is $500,000,000, and defendants are citizens of California. ECF No. 3 at 1-2. The court will screen the complaint filed June 6, 2023, and will construe ECF No. 3 as corrections to his complaint.

dismissal of this action.  I will also grant plaintiff's application to proceed *in forma pauperis*, ECF No. 2, which makes the showing required by 28 U.S.C. §§ 1915(a)(1) and (2).

**Screening and Pleading Requirements**

Plaintiff's complaint is subject to screening under 28 U.S.C. § 1915(e).  That statute requires the court to dismiss any action filed by a plaintiff proceeding *in forma pauperis* that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief against a defendant who is immune from suit.  28 U.S.C. § 1915(e)(2)(B).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

The complaint alleges that defendant Mark Zuckerberg, who is both CEO of Facebook and a CIA Agent nicknamed Overlord, and defendant Facebook, flew military airplanes over plaintiff's house in order to delete posts from his Facebook page that proved the existence of

2

1  aliens and UFOs.  ECF No. 1.  Plaintiff brings this action under 42 U.S.C. § 1983 and seeks
2  $500,000,000 for violations of his civil rights, loss of community, emotion distress, pain, and
3  suffering.  *Id.* at 15.  Plaintiff's claims are frivolous, and I will recommend that they be dismissed.
4          Plaintiff has previously sued both Zuckerberg and Facebook in this court over similar
5  claims.  *See Bledsoe v. Facebook*, No. 2:18-cv-02756-JAM-EFB (PS) (E.D. Cal. July 6, 2020)
6  (dismissed for failure to state a claim and failure to establish the court's subject matter
7  jurisdiction); *Bledsoe v. Zuckerberg¸* No. 2:22-cv-00394-KJM-KJN (PS) (E.D. Cal. April 28,
8  2022) (same).  In the latter case, plaintiff attempted to sue the defendants over deleted posts from
9  his Facebook page.  *See Bledsoe*, 2:22-cv-00394-KJM-KJN (PS), at *3.
10         Plaintiff asserts a single cause of action under 42 U.S.C. § 1983.  To state a claim under
11 § 1983, a plaintiff must allege (1) that a right secured by the Constitution or laws of the United
12 States was violated, and (2) that the alleged violation was committed by a person acting under
13 color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).  Plaintiff, however, fails to meet
14 either requirement.  He does not allege what specific constitutional right was violated; he simply
15 alleges, generally, that his civil rights were violated.  ECF No. 1 at 4, 15.  Further, neither
16 defendant can be sued under this statute.  As plaintiff was previously informed by Judge
17 Newman, defendants Zuckerburg and Facebook are not proper defendants in a § 1983 action.
18 *Bledsoe*, 2:22-cv-00394-KJM-KJN (PS), at *4-5 ("Plaintiff's allegations against Zuckerberg, a
19 private (if well known) citizen, and Facebook, a for-profit corporation, do not in any way suggest
20 that these actors' alleged deletion of plaintiff[']s posts on their platform was conduct by or for a
21 state government.").
22         Given that nothing short of changing the fundamentals of the allegations could result in a
23 viable complaint, I recommend that dismissal be without leave to amend.  *Silva v. Di Vittorio*,
24 658 F.3d 1090, 1105 (9th Cir. 2011) ("Dismissal of a pro se complaint without leave to amend is
25 proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by
26 amendment.") (internal quotation marks omitted).
27         Accordingly, it is hereby ORDERED that plaintiff's application to proceed *in forma*
28 *pauperis*, ECF No. 2, is granted.

Further, it is hereby RECOMMENDED that plaintiff's complaint, ECF No. 1, be dismissed without leave to amend for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   January 16, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE